**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0145n.06
Filed: December 6, 2004

**No. 03-1231**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RICHARD LEE NARLOCK, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GERALD HOFBAUER, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: MERRITT and DAUGHTREY, Circuit Judges, and HOOD,[*] District Judge.

**PER CURIAM.** The petitioner, Richard Lee Narlock, is a Michigan state prisoner who filed a federal petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree child abuse. The district court denied relief and the petitioner now appeals, raising three issues for our review: (1) ineffective assistance of trial counsel in failing to object to testimony that Narlock had remained silent and asked for an attorney at the time of his arrest, but prior to receiving Miranda warnings; (2) ineffective assistance of counsel in failing to object to inadmissible hearsay testimony by several witnesses regarding the victim's description of the offense; and (3) prosecutorial misconduct in failing to disclose evidence concerning the petitioner's silence at the time of his arrest, in violation of Brady v. Maryland, 373 U.S. 83 (1963).

---

[*]The Hon. Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The district court correctly held that this case is controlled by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 (d), and the Supreme Court's opinion in Taylor v. Williams, 529 U.S. 362 (2000), interpreting the relevant AEDPA provisions.

At the time of the petitioner's trial in 1995, the constitutionality of using a defendant's pre-Miranda silence as substantive evidence had not been addressed by the Supreme Court and was the subject of disagreement among the circuits. Hence, under the standard of review mandated by Williams, there was no rule "clearly established" by holdings of the Supreme Court that would have applied in to testimony regarding Narlock's pre-Miranda silence. It follows, as the district court noted, that the decision of the Michigan Court of Appeals upholding the petitioner's conviction despite its use could not be said to be contrary to or an unreasonable application of clearly established federal law. See § 2254 (d). Moreover, giving appropriate deference to the state court's determination, the district court agreed that counsel's failure to object to testimony regarding the petitioner's silence was, at most, harmless error and, therefore, that the petitioner had failed to demonstrate the prejudice required by Strickland v. Washington, 466 U.S. 668 (1984), to warrant relief on a claim of ineffective assistance of counsel.

The district court also deferred to the state court's ruling on the use of hearsay statements at Narlock's trial, finding that their admissibility was a matter of state law and that the failure to object to the hearsay was not ineffective, both because most of the

hearsay in question was admissible under recognized exceptions to the hearsay rule and because much of it was consistent with the petitioner's defense theory and therefore not prejudicial.

Finally, the district court held that there was no <u>Brady</u> violation because the evidence in question was not favorable to the defense and because it was known to the defense prior to trial. The district court concluded that there was no evidence of prosecutorial misconduct resulting in prejudice to the petitioner.

Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying habeas relief. Because the reasons why judgment should be entered for the respondent have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion dated January 17, 2003.

**MERRITT, Circuit Judge, dissenting.**   I disagree with the portion of the Court's opinion regarding the failure of counsel to object to multiple instances of clearly inadmissible evidence. In my view, counsel's failure to object to the hearsay testimony of the child's father and stepmother, two police officers and the doctor that petitioner was guilty of sexual abuse constitutes ineffective assistance of counsel.  The testimony of these five witnesses was introduced for the truth of the matters asserted.  The testimony repeated the out-of-court statements made by the child to them about what the child said the petitioner did to him.  The Michigan Court of Appeals held that the admission of the testimony was "harmless error."

The Report & Recommendation of the Magistrate Judge, as found at Appendix page 119, recites that the first issue is whether there was "ineffective assistance of counsel for failing to object to . . . repeated instances of hearsay testimony regarding the victim's description of the

offense." The Magistrate held that counsel was ineffective in failing to object,[1] but the District Court disagreed. I agree with the Magistrate Judge.

The child was an available witness. Counsel did not object to this testimony even though the hearsay clearly violated the Confrontation Clause, as interpreted by the Supreme Court in *Idaho v. Wright*, 497 U.S. 805 (1990), a similar case in which a doctor testified as to the out-of-court statements of a child victim of sexual abuse. The Supreme Court has recently revisited this area of the law in *Crawford v. Washington*, 124 S. Ct. 1354, 1374 (2004) (holding that for such hearsay to be admissible "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination"). Counsel for petitioner made no attempt to exclude unconstitutional hearsay testimony of five witnesses, testimony that formed the basis of the prosecution's case against petitioner. Counsel's failure falls far below the standard we require of competent counsel in the defense of criminal cases and was prejudicial because

---

[1]The Magistrate Judge said:

The court, the prosecutor, and defense counsel agreed that the victim was not a good witness. It is clear that the testimony of these other witnesses concerning what the victim had told them strengthened the victim's own testimony. Officer Zaidel, Detective Alexander, the victim's stepmother, the victim's father and Dr. Murray all testified that the victim had told them that petitioner was the abuser. This testimony was hearsay and objectionable. Petitioner's counsel failed to object to any of the hearsay testimony. Defense counsel stated that he did not object at trial because he objected at the preliminary examination when the prosecutor introduced similar statements from Dr. Murray and the statements were admitted during that proceeding. Hearing on Motion For New Trial transcript, docket #13, at 12-13. That is an insufficient reason to fail to object during a trial. The standard for admissible evidence at a preliminary examination is not the same standard used at trial. . . . [T][he statements by the other witnesses, as the Michigan Court of Appeals held, were not clearly admissible. . . . A reasonable attorney would have made an objection to the testimony. . . . It appears that no exception exists for the testimony of the victim's father and the testimony of the victim's stepmother reciting statements made to them by the victim. Defense counsel's failure to object to this testimony was unreasonable. Further, it appears that no hearsay exception existed for the admission of the Officer Zaidel's testimony about what the victim had told him and for the admission of Detective Alexander's similar testimony.

App. p. 134.

without these witnesses the evidence was extremely weak, perhaps even legally insufficient to prove that petitioner committed the elements of the offense. I would therefore issue the writ on grounds of ineffective assistance of counsel.